STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
LOCATION: AUGUSTA
Docket No. AP-15-01

BRIAN BRETON, HILLARY LISTER,
BRIAN KING & MARK CROCKETT,

        Petitioners,

    v.

MARY MAYHEW, in her official capacity
as Commissioner of Maine Department of
Health and Human Services & MAINE
DEPARTMENT OF HEALTH AND
HUMAN SERVICES, Division of
Licensing and Regulatory Services,

        Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**ORDER ON RESPONDENTS'
MOTION TO DISMISS**

Respondents Mary Mayhew—in her official capacity as Commissioner of the

Maine Department of Health and Human Services—and the Maine Department of Health

and Human services, Division of Licensing and Regulatory Services (collectively the

"Respondents" or "Department") move to dismiss Count II for declaratory judgment and

Count III for preliminary injunction or stay and permanent injunction of the Complaint

and M.R. Civ. P. 80C Appeal of Petitioners Brian Breton, Hillary Lister, Brian King, and

Mark Crockett (collectively, the "Petitioners"). The Department argues that Counts II

and III of the Complaint fail to state any independent claims upon which relief may be

granted and should be dismissed as duplicative of Petitioner's M.R. Civ. P. 80C appeal

put forth in Count I.

1

In their opposition, Petitioners stipulate to dismiss Count II of the Complaint for declaratory judgment. This leaves Respondents motion to dismiss Count III for injunctive relief.[1]

The Petition and Complaint stem from a December 11, 2014 announcement on the Department's website detailing the pending implementation of a custom online service to allow licensed medical providers to certify patients for the use of medical marijuana. The Department allegedly indicated that this online portal for certification would be mandatory for all providers, and by extension all patients, beginning January 5, 2015. The Petition and Complaint allege that the Department erred by failing to carry out the requisite rule-making procedures under the Administrative Procedures Act before requiring use of the online portal.

The Department argues that Count III of the Complaint should be dismissed because it is duplicative of the Rule 80C appeal and fails to allege any independent claims. In particular, the Department points out that Count III is premised on the same factual allegations as the 80C appeal in Count I. The Department further argues that the injunctive relief Petitioners seek is available through Rule 80C(b) and 5 M.R.S. § 11004.

The Petitioners do not dispute that Counts I and III rely on the same factual allegations. They respond, however, that preliminary injunctive relief is distinct from final relief on their 80C appeal as it comes earlier and is subject to a different standard. They also argue that in the alternative, the Court can—and should—construe Count III as a motion for a stay of final agency action. Finally, they argue that dismissing Count III

---

[1] In their opposition, Petitioners misstated that they stipulated to dismiss Count III of the Complaint. As indicated by the substance of their opposition and as clarified at the oral argument on June 2, 2015, Petitioners stipulate to the dismissal of Count II.

or refusing to convert it into a motion for a stay pursuant to 5 M.R.S. § 11004 would deny the Petitioners timely, equitable relief.

The Department replies that the Court should not construe Count III as a motion for a stay because Petitioners have not taken or followed the requisite steps to raise said motion.

Rule 80C(i) permits the joinder of an 80C Petition "with a claim alleging an independent basis for relief from governmental action...." When a claim joined with an 80C or B Petition is duplicative of the Petition, the Law Court has affirmed the Superior Court's dismissal on that ground. *Kane v. Comm'r of the Dep't of Health and Human Services*, 2008 ME 185, ¶¶ 30-32, 960 A.2d 1196 ("the court did not abuse its discretion in dismissing [petitioner's] independent claims as duplicative"); *Adelman v. Town of Baldwin*, 2000 ME 91, ¶¶ 6-7, 750 A.2d 577 (finding no abuse of discretion in Superior Court striking an independent claim of bias as duplicative of the Rule 80B appeal); *see also Boucher v. Maine Workers Compensation Board*, 2011 Me. Super. LEXIS 123, *9 (June 30, 2011) (dismissing cause of action for declaratory and injunctive relief brought with Rule 80B appeal because direct review of the agency's decision was "available and adequate to address petitioners' complaints, [and because] that review is the petitioners' exclusive remedy").

Rule 80C also provides, in pertinent part, that "[a]n application for a stay of final agency action shall be as provided by 5 M.R.S.A. § 11004." M.R. Civ. P. 80C(b). Section 11004, in turn, explains that filing a petition for review does not operate as a stay of the final agency action pending judicial review. 5 M.R.S. § 11004. Instead, the petitioner should ordinarily apply for a stay to the agency, which may issue a stay "upon

3

a showing of irreparable injury to the petitioner, a strong likelihood of success on the merits, and no substantial harm to adverse parties or the general public." *Id.* Section 11004 further provides that:

> A motion for such relief may be made to the Superior Court, <u>but the motion shall show that application to the agency for the relief sought is not practicable, or that application has been made to the agency and denied,</u> with the reasons given by it for denial, or that the action of the agency did not afford the relief which the petitioner had requested. In addition, the <u>motion shall show the reasons for the relief requested and the facts relied upon, which facts, if subject to dispute, shall be supported by affidavits. Reasonable notice of the motion shall be given to all parties to the agency proceeding.</u>

*Id.* (emphasis added).

Here, the parties do not dispute that Count III is premised on the same underlying facts as Count I. In addition, Count III's request for injunctive relief is also available under Count I. This is because Rule 80C and 5 M.R.S. § 11004 set out a specific path and procedure for Petitioners to seek injunctive relief in an administrative appeal. Putting this together, it is clear that Count III's request for injunctive relief is duplicative of—and seemingly preempted by—Count I's 80C appeal. Accordingly, the Court grants Respondents' motion to dismiss Count III of the Complaint.

In conjunction with this ruling, the Court also declines to convert Count III into a motion for a stay pursuant to Rule 80C. This is because the Petitioners have not met the requirements of bringing such a motion. Indeed, while two out of the four Petitioners sent letters to the Department requesting a stay of implementation of the agency decision pursuant to 5 M.R.S. § 11004 and the Department wrote back denying said request, the Petitioners did not put forward an argument showing why their request for a stay should be granted.

4

Accordingly, it is hereby ORDERED that Counts II and III of Petitioners'

Complaint are DISMISSED.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this

Order by reference in the docket.


Dated: July 6, 2015

Michaela Murphy, Justice
Maine Superior Court

Action: <u>Petition for Review</u>
            80C                                          **J. Murphy**

Brian Breton, et al.                      vs.            Mary Mayhew and DHHS

---

Plaintiff's Attorney                                    Defendant's Attorney

Logan Perkins, Esq.                                     William Hagedorn, AAG
21 Main Street, #202                                    6 State House Station
Bangor, ME 04401                                        Augusta, ME 04333

                                                        Renee Guignard, AAG
                                                        6 State House Station
                                                        Augusta, ME 04333

Date of Entry

---

| 1/23/15 | Complaint and Petition for Review of Final Agency Action, filed 1/9/15. s/Perkins, Esq. |
|---|---|
| 1/23/15 | -Certified Mail Receipt, addressed to Janet Mills, date of delivery 1/15/15, no signature, filed 1/22/15. s/Perkins, Esq.<br>-Certified Mail Receipt, addressed to Mary Mayhew, date of delivery 1/15/15, no signature, filed 1/22/15. s/Perkins, Esq.<br>-Motion for Scheduling Order, filed 1/22/15. s/Perkins, Esq. |
| 1/30/15 | Entry of Appearance for Mary Mayhew, Commissioner, filed (1/29/15). s/Hagedorn, AAG |
| 1/30/15 | Entry of Appearance for Mary Mayhew, Commissioner, filed (1/29/15). s/Guignard, AAG |
| 2/6/15 | Respondent's Response to Motion for Scheduling Order, filed 2/4/15. s/Hagedorn, AAG |
| 2/9/15 | Supplemental Response to Motion for Scheduling Order, filed 2/9/15. s/Hagedorn, AAG |
| 3/10/15 | Respondents' Motion to Dismiss, filed 2/26/15. s/Hagedorn, AAG |
| 3/20/15 | ORDER ON MOTION FOR SCHEDULING ORDER, Murphy, J. (3/19/15)<br>1) Department may file Motion to Dismiss no later than 2/27/15.<br>2) Response will be governed by Maine Rules of Civil Procedure.<br>3) All other dates and deadlines will be stayed pending the Court's consideration of the Respondent's Motion to Dismiss.<br>4) Following Court's ruling on Motion to Dismiss, if any claims survive the Court will schedule a Case Management Conference, to be followed by the issuance of a Scheduling order.<br>Copy to Atty Perkins, AAG Hagedorn, AAG Guignard |
| 3/21/15 | Motion to Enlarge Deadline to Respond to Motion to Dismiss, filed 3/20/15. s/Perkins, Esq. |
| 4/2/15 | ORDER, Murphy, J. (3/25/15) |

Plaintiffs' Motion to Enlarge is GRANTED.  Plaintiffs' Opposition to Motion to Dismiss is due 3/30/15.
Copy to Atty Perkins, AAG Hagedorn, AAG Guignard

4/2/15      Petitioners' Response to Motion to Dismiss Counts 2 & 3, filed 3/27/15.  s/Perkins, Esq.

4/7/15      Respondents' Reply to Petitioners' Response to Motion to Dismiss, filed.  s/Hagedorn, AAG

4/9/15      Certificate of Service for Response to Motion to Dismiss, filed 4/8/15.  s/Perkins, Esq.

4/14/15     Hearing on Motion to Dismiss scheduled on 6/2/15 at 10:00 a.m.
            Notice of Hearing sent to Atty Perkins and AAG Hagedorn

6/2/15      Hearing held, J. Murphy presiding.    Logan Perkins, Esq. and William Hagedorn, AAG
            Courtroom 3
            Under advisement

7/8/15      ORDER ON RESPONDENTS' MOTION TO DISMISS, Murphy, J.  (7/6/15)
            It is hereby ORDERED that Counts II and III of Petitioners' Complaint are DISMISSED.
            Copy to Atty Perkins and AAG Hagedorn
            Copy to Repositories